IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GEORGI PETKOV,     Plaintiff, v. UNIVERSITY OF TENNESSEE HEALTH SCIENCE CENTER,     Defendant. | No. 2:23-cv-02434-SHL-tmp |

**ORDER DENYING MOTION TO STAY AND POSTPONING SCHEDULING CONFERENCE**

Before the Court is Plaintiff's Motion to Stay Litigation, filed September 21, 2023. (ECF No. 17.) Dr. Petkov's unopposed Motion requests a stay until after a final decision is rendered in the pending appeal of an Administrative Law Judge's ruling concerning the validity of Dr. Petkov's termination. (Id. at PageID 67.) The most relevant deadline in the administrative appeal process is the October 10, 2023 deadline for responsive briefs. (Id. at PageID 68.) Because the intended relief can be accomplished more efficiently via a postponement of the scheduling conference rather than through a stay, the Court **DENIES** the Motion.

In his Motion, Dr. Petkov astutely points out that this Court "'must tread carefully in granting a stay of proceeding.'" (Id. at PageID 69) (quoting Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, 565 F.2d 393, 396 (6th Cir. 1977)). When delicately tiptoeing out onto the slippery stay slope, courts will sometimes find their balance by weighing a few factors, including 1) whether there will be prejudice to either party if the case is stayed or not; 2) if the stay promotes judicial economy; and 3) the overall need for a stay. See Young v. WH Adm'rs, Inc., No. 1:17-cv-02829, 2018 WL 2392556, at *2 (W.D. Tenn. May 25, 2018) (emphasizing prejudice to the parties and judicial economy); Wheelabrator Clean Water Sys. v. Old Kent Bank

& Trust Co., No. 1:93-cv-1016, 1995 U.S. Dist. LEXIS 2330, at *1 (W.D. Mich. Jan. 30, 1995) (incorporating the overall need for a stay, the balance of the hardships, the promotion of judicial economy, and also how the stay would affect the general public).  The Sixth Circuit does not have a hard and fast test for granting a stay; factors like these are simply available for guidance to be used at the Court's discretion.

The Motion plays through each of the above factors, stressing that neither party will be prejudiced by a stay and that a stay would promote judicial economy because the disposition in the administrative process could ultimately extinguish the need for litigation in this Court.  (ECF No. 17 at PageID 69.)  While the Court respects the need for the full exhaustion of administrative remedies before this lawsuit advances in federal court, that objective can be accomplished via other means than an amorphous stay—namely, a simple postponement of the upcoming scheduling conference.  A full balancing of the discretionary factors is not necessary since the Court believes that a stay will actually hinder judicial economy rather than promote it.  Therefore, the Motion is **DENIED**.  The scheduling conference will be rescheduled from September 28, 2023, 9:30am CDT, to **November 9, 2023, 1:30pm CST**.

**IT IS SO ORDERED,** this 22nd day of September, 2023.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE
